

Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 50178 | **DATE** | 1/2/2002 |
| **CASE TITLE** | Knight vs. Nissan Forklift Corp. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendant's motion to dismiss, converted into a motion for summary judgment

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____ .
(3) ☐ Answer brief to motion due _____ . Reply to answer brief due _____ .
(4) ☐ Ruling/Hearing on _____ set for _____ at _____ .
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .
(7) ☐ Trial[set for/re-set for] on _____ at _____ .
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____ .
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   For the reasons stated on the reverse Memorandum Opinion and Order, defendant's motion to dismiss, which the court has converted into a motion for summary judgment, is granted. This case is hereby dismissed in its entirety.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | **Document Number** |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | JAN 03 2002 date docketed | 20 |
| | Docketing to mail notices. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | 02 JAN -3 AM 11:31 FILED-MD | JAN 03 2002 date mailed notice | |
| /LC | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

# MEMORANDUM OPINION AND ORDER

Plaintiff, John L. Knight, proceeds pro se in his complaint against defendant, Nissan Forklift Corporation ("Nissan"). Construing his pleadings liberally, Knight is apparently alleging a claim of reverse race discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"). Jurisdiction and venue are therefore proper based on 42 U.S.C. § 2000e-5(f)(3). Before the court is Nissan's motion to dismiss for failure to state a claim, filed pursuant to Federal Rule of Civil Procedure 12(b)(6).

Before turning to the substance of Nissan's motion, the court takes up a few procedural matters. First, the court finds it necessary to convert Nissan's motion into one for summary judgment. See Fed. R. Civ. P. 12(b). This is because Nissan has attached to its motion certain exhibits —namely, Knight's previous charges of discrimination filed with the EEOC —that were neither attached to nor referred to in Knight's complaint. And while the court could decide Nissan's motion without these materials, it finds some of them helpful in further explaining its ruling. Nevertheless, the court will not provide Knight with the usual notice and opportunity to present additional materials because, in the court's view, there is nothing he could submit to create a genuine issue of material fact regarding the arguments raised in Nissan's motion. See Massey v. Helman, 259 F.3d 641, 646 n.8 (7th Cir. 2001); Woods v. City of Chicago, 234 F.3d 979, 991 (7th Cir. 2000), cert. denied, 122 S. Ct. 354 (2001). Second, the court will not consider Knight's "Reply in Support of the Equal Employment Opportunities Law," submitted on October 10, 2001 after Nissan had already filed its reply brief. Because Knight never requested or received leave to file such a surreply, the court strikes it suasponte.

In his complaint, Knight alleges that sometime in August 1998 his foreman at Nissan, Carrol McGee (black), made some racially derogatory comments about Knight (white) and gave overtime to non-white employees but not him. After complaining to Nissan's human resources department, Knight says his black coworkers were "hostile toward" him. The remainder and bulk of Knight's complaint is his claim that he was transferred to another department (where there is no overtime at all) on February 22, 1999 in retaliation for complaining about McGee's conduct, and then was improperly denied a request to retransfer back to his old job.

Nissan argues much of Knight's complaint should be dismissed because it is beyond the scope of Knight's EEOC charge. To be clear, Knight has actually filed three different charges of discrimination with the EEOC against Nissan: the first on February 16, 1999 (later amended on March 18, 1999), the second on February 8, 2000, and the third on February 15, 2001. Knight received right to sue letters for each of these charges but has filed suit only on the third. And while the present suit is timely in that Knight filed it within ninety days of receiving his most recent right to sue letter, see 42 U.S.C. § 2000e-5(f)(1), Knight's complaint cannot by any stretch be considered "like or reasonably related" to the allegations of his third EEOC charge. Haugerud v. Amery Sch. Dist., 259 F.3d 678, 689 (7th Cir. 2001). That charge was exclusively limited to Knight's allegations that Nissan improperly delayed giving him a bonus for three weeks in January 2001[1] and threatened to discharge him. He does not mention anybody by name in the third EEOC charge, let alone Carroll McGee, and certainly does not mention anything about his transfer in February 1999, the lack of overtime, the remarks about Knight's race, or black coworkers harassing him. As a result, the court finds Knight's federal complaint and third EEOC charge do not even meet the minimal requirements of describing the same conduct and implicating the same individuals. See id.

This is made even clearer by looking at Knight's first EEOC charge. Indeed, it appears Knight simply lifted the allegations of his complaint in this case from his first charge of discrimination, as it is there that Knight complains for the first time of McGee, the denial of overtime, and being transferred to another department. (Def. Exh. 2) Yet Knight never filed suit after receiving a right to sue letter from this first EEOC charge on February 28, 2000 and, to the extent he is now trying to sue on that charge, the ninety-day window has long since passed. See 42 U.S.C. § 2000e-5(f)(1). More importantly, Knight's first EEOC charge makes it obvious there is no factual relationship between the present suit and Knight's third EEOC charge — the one he is actually suing on and the only one properly before the court.

That leaves only the allegations of Knight's third EEOC charge. Unfortunately for Knight, these allegations, as Nissan points out, do not amount to adverse employment actions under Title VII. A three week delay in receiving a bonus —Knight does not allege he *never* received the bonus, just that he had to wait three weeks to get it — hardly qualifies as materially affecting the terms and conditions of Knight's employment and is nothing more than an inconvenience. See Kersting v. Wal-Mart Stores, Inc., 250 F.3d 1109, 1115 (7th Cir. 2001). Knight also claims in this third EEOC charge he has been "threatened with discharge." Had Knight actually quit because of such a threat, he might be able to argue he was constructively discharge; but because he is apparently still working at Nissan, the mere threat of discharge by itself does not amount to an adverse employment action since it did not result in a "tangible job consequence." Id. at 1118-19; cf. Williams v. Bristol-Myers Squibb Co., 85 F.3d 270, 274 (7th Cir. 1996).

For the reasons stated above, Nissan's motion to dismiss, which the court has converted into a motion for summary judgment, is granted. This case is hereby dismissed in its entirety.

---

[1] The charge actually indicates this occurred in January 2000 but this appears to be an error.